IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID E. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-cv-00347 CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

## <u>INTRODUCTION</u>

On February 28, 2010, plaintiff David E. Anderson's adopted son, Nicholas Johnson, died at the age of twenty.  Plaintiff had paid for a $10,000 insurance policy on the life of Nicholas. Following his son's death, Plaintiff submitted a claim under the policy to defendant Life Insurance Company of North America ("LINA").  LINA denied the claim.  Because LINA both administers the plan at issue and determines whether a person is eligible for benefits, it has a "dual role conflict." Plaintiff sought discovery to determine whether that conflict played a role in the denial of benefits. The Employment Retirement Income Security Act ("ERISA") governs this policy.  LINA contends that part of the discovery sought by Plaintiff is overly burdensome, especially since ERISA discourages extensive discovery.

Magistrate Judge Brooke C. Wells issued an order on January 19, 2012 that granted in part and denied in part Plaintiff's requested discovery.  LINA filed an Objection to Judge Wells' ruling on the basis that it was clearly erroneous and contrary to law.  The court sustains in part and overrules in part LINA's Objection.

## BACKGROUND

As an employee of MarketFare Foods, Inc., Plaintiff was able to obtain life insurance coverage for his dependent children. The policy at issue defines "dependent child" as "[a]n Employee's unmarried child who . . . is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap." Group Policy, 28 (Dkt. No. 7, Ex. 1). After Nicolas died, Plaintiff filed a claim with LINA and asserted that Nicholas was a dependent child because he suffered from a Bipolar Disorder.

Carol Flippen ("Dr. Flippen"), a board certified physician in adult psychiatry, reviewed Plaintiff's claim. She determined there was insufficient evidence to support that Nicholas had a Bipolar Disorder, and even if he did have the disorder, the "presence of a Bipolar Disorder is not itself an indication of functional mental impairment and work incapacity." Staffing Documentation Form, 2 (Dkt. No. 21, Ex. 2 at 47). LINA subsequently denied Plaintiff's claim because it concluded that Nicholas was not a dependent child. LINA made this conclusion despite evidence from Nicholas's treating physician about his condition, tax records showing Nicholas's inability to sustain employment, and other documents showing Plaintiff financially supported Nicholas.

Plaintiff seeks discovery to learn whether LINA's dual-role conflict played a role in the denial and if LINA has a bias against claims founded on a subjective disability. Plaintiff served twenty-two interrogatories on LINA, of which four are at issue now.[1] They are as follows:

Interrogatory No. 10:
Please identify the number of claims received by LINA where the claim is in the amount of $10,000 or less AND the beneficiaries' *sole* basis or argument for benefits

---

[1] Judge Wells denied Plaintiff's motion with respect to Interrogatories 7, 8, 9, 13, 14, 15, and 21. She granted Plaintiff's motion with respect to Interrogatories 3, 6, 10, 11, 16, 17, and 22, but LINA's Objection only opposes answering Interrogatories 10, 11, 16, and 17.

is based on the insured's inability to sustain him/herself financially due to suffering from disability.

Interrogatory No. 11:
Please identify the number of claims received by LINA where the claim is in the amount of $10,000 or less AND the beneficiaries' *sole* basis or argument for benefits is based on the insured's inability to sustain him/herself financially due to suffering from Bipolar Disorder.

Interrogatory No. 16:
Please identify the number of Flippen-reviewed claims in the amount of $10,000 or less where the beneficiaries' *sole* basis or arguments for benefits under such claims were based on the insured's inability to sustain him/herself financially due to suffering from disability.

Interrogatory No. 17:
Please identify the number of Flippen-reviewed claims in the amount of $10,000 or less where the beneficiaries' sole basis or arguments for benefits under such claims were based on the insured's inability to sustain him/herself financially due to suffering from Bipolar Disorder.

Judge Wells ordered LINA to respond to the above interrogatories, but she limited the time period to data from the past five years.

## ANALYSIS

Discovery is precluded in ERISA cases when its purpose is to supplement the administrative record about eligibility for benefits. *Eugene S. v. Horizon Blue Cross Blue Shield* of *N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011) (citation omitted). When discovery pertains to "assessing dual-role conflict of interest claims," however, limited discovery is permissible. *Id.* A dual-role conflict requires courts to "weigh the conflict of interest in its . . . analysis, but it must allocate the conflict more or less weight depending on its seriousness." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010) (citation omitted). If an administrator "has a history of biased claims administration," the "conflict of interest weighs more heavily against [the] administrator."

*Id.* at 1161 (citing *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008)).  Absent discovery, however, "a claimant may not have access to the information necessary to establish the seriousness of the conflict."  *Id.* at 1158.  Hence, discovery is permitted to assess a dual-role conflict.

Although discovery is permitted, courts must still determine whether the requested discovery falls within the parameters of Rule 26(b) of the Federal Rules of Civil Procedure.  *Id.* at 1162.  The Tenth Circuit has admonished that a claimant cannot "use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim."  *Id.*  at 1162 63.  LINA contends that Judge Wells' ruling failed to follow this requirement because she did not discuss the particular burden LINA faces in responding to the interrogatories.

LINA asserts that it does not maintain a database and would have to manually review thousands of files to respond to Interrogatories 10 and 11, and hundreds of files to respond to Interrogatories 16 and 17.  Temporary staff would have to be hired to conduct the review because the burden on current staff would be too great.  When these burdens are weighed against Plaintiff's need for the discovery, LINA contends its burden outweighs Plaintiff's need.  Because Judge Wells did not address these particular burdens, LINA contends the court must reverse her ruling.

A review of Judge Wells' ruling shows that she did consider the burden on LINA, even though she may not have discussed the particular issues LINA has raised.  LINA is not a small company with limited staff.  The fact that it has chosen not to maintain a database in this age of technology cannot excuse it from discovery requests.  The disparity between what Plaintiff presented to LINA about Nicholas's dependence and LINA's conclusion makes Plaintiff's requested discovery more than just a fishing expedition.  Its focus is to determine the strength of the conflict and any bias in LINA's claim reviews.

Nevertheless, the court concludes the interrogatories Judge Wells' ordered LINA to respond to do not adequately address the issues at hand.  Conflict and bias are not determined by the total number of claims handled in a particular category.  Rather, they are determined by comparing the total number of claims filed to the total number of claims denied in a particular category. Interrogatories therefore need both components to render them helpful.

Thus, Interrogatories 10 and 11, which ask for the total number of claims in a particular category, yield no information about bias unless LINA also answers Interrogatory 7.  That interrogatory states, "Please identify the number of claims received by LINA in the amount of $10,000 or less and the number or percentage of such claims that LINA has denied."  From these three interrogatories, one would know the total number of claims in a particular category, the total number of denials, and the percentage of those denials that fall within the relevant category.  The court concurs with Judge Wells, however, that Interrogatory 7 is written broadly compared with other more limited interrogatories.  Consequently, it will not reverse that ruling.  This conclusion necessitates sustaining LINA's objection to Interrogatories 10 and 11.

Interrogatories 16 and 17 are more limited in scope because they focus only on claims reviewed by Dr. Flippen.  Again, however, they need a predicate interrogatory from which percentage information can be derived.  Interrogatory 13 provides the needed information.  It states, "Please identify the number of Flippen-reviewed claims in the amount of $10,000 or less and the number or percentage of such claims that LINA has denied."  By requiring LINA to answer this interrogatory, along with Interrogatories 16 and 17, Plaintiff will be provided necessary information about the strength of LINA's conflict and any potential bias.  The court therefore overrules LINA's objection to Interrogatories 16 and 17, and reverses Judge Wells' ruling with respect to Interrogatory

No. 13.  LINA is hereby ordered to respond to Interrogatory 13 as well, but the time period is limited to claims from the past five years.

## **CONCLUSION**

For the reasons stated above, the court sustains LINA's objection to Interrogatories 10 and 11.  The court overrules LINA's objection to Interrogatories 16 and 17.  It reverses Judge Wells' ruling with respect to Interrogatory 13.  LINA is therefore ordered to respond to Interrogatories 13, 16, and 17, but the time period is limited to claims from the past five years.

DATED this 22$^d$ day of May, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge